IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEROY WALLACE, III,

      Plaintiff,                      No. CIV S-09-3204 FCD EFB P

     vs.

FAIRFIELD POLICE DEPARTMENT;
OFFICER, CAJ #1302; DETECTIVE FOK;
OFFICER JIMENEZ;

      Defendants.             ORDER
_____/

       Plaintiff is confined in a county jail and is proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, the request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). By separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

////

////

1

1　　　　The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A
2　screening, finds that it states cognizable Fourth Amendment claims of excessive force against
3　Detective Fok and Officer Jimenez.[1] *See* 28 U.S.C. § 1915A.

4　　　　For the reasons stated below, the complaint does not state a cognizable claim against the
5　Fairfield Police Department. That defendant will therefore be dismissed with leave to amend.

6　　　　A district court must construe a pro se pleading "liberally" to determine if it states a
7　claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an
8　opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While
9　detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of
10　action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct.
11　1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff
12　must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is
13　plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

19　*Id.* (citations and quotation marks omitted). Although legal conclusions can provide the
20　framework of a complaint, they must be supported by factual allegations, and are not entitled to
21　the assumption of truth. *Id.* at 1950.
22　////

---

[1] Defendant "Officer, CAJ #1302," who plaintiff alleges was in the vehicle that "ran over" plaintiff, appears to be the same as defendant "Officer Jimenez." *See* Dckt. No. 1 at 1, 3. Therefore, defendant "Officer, CAJ #1302" will be dismissed. However, to the extent that defendant can allege separate claims against "Officer, CAJ #1302" and "Officer Jimenez," plaintiff will be granted leave to do so.

2

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

Since there is no respondeat superior liability under § 1983, municipalities (and their departments) may be sued under § 1983 only upon a showing that an official policy or custom caused the constitutional tort. *See Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Haugen v. Brosseau*, 351 F.3d 372, 393 (9th Cir. 2003) (granting summary judgment to city and city police department under *Monell*). "A local government entity cannot be held liable under § 1983 unless the plaintiff alleges that the action inflicting injury flowed from either an explicitly adopted or a tacitly authorized [governmental] policy." *Ortez v. Washington County*, 88 F.3d 804, 811 (9th Cir. 1996) (citation and quotations omitted) (alteration in original). "[L]ocal governments, like any other § 1983 'person,' . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels."[2] *Monell*, 436 U.S. at 690-91. Because plaintiff has not alleged any official policy or custom by the Fairfield Police Department, plaintiff has not

---

[2] "The custom must be so "persistent and widespread" that it constitutes a "permanent and well settled city policy." *Monell*, 436 U.S. at 691. Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy. *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984); *see also Meehan v. Los Angeles County*, 856 F.2d 102 (9th Cir. 1988) (two incidents not sufficient to establish custom); *Davis v. Ellensburg*, 869 F.2d 1230 (9th Cir. 1989) (manner of one arrest insufficient to establish policy).

1  stated a claim against that defendant.  Therefore, plaintiff's claims against the Fairfield Police
2  Department will be dismissed with leave to amend.
3        Plaintiff may proceed forthwith to serve defendants Fok and Jimenez and pursue his
4  claims against only those defendants or he may delay serving any defendant and attempt to state
5  a cognizable claim against the Fairfield Police Department.
6        If plaintiff elects to attempt to amend his complaint to state a cognizable claim against
7  the Fairfield Police Department, he has 30 days so to do.  If plaintiff elects to proceed forthwith
8  against defendants Fok and Jimenez, against whom he has stated a cognizable claim for relief,
9  then within 30 days he must return materials for service of process enclosed herewith.  In this
10 event, the court will construe plaintiff's election as consent to dismissal of all claims against the
11 Fairfield Police Department, without prejudice.
12       Any amended complaint must adhere to the following requirements:
13       It must be complete in itself without reference to any prior pleading.  E.D. Cal. Local
14 Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended
15 complaint, the original pleading is superseded.
16       It must show that the federal court has jurisdiction and that plaintiff's action is brought in
17 the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must
18 contain a request for particular relief.  Plaintiff must identify as a defendant only persons who
19 personally participated in a substantial way in depriving plaintiff of a federal constitutional right.
20 *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if
21 he does an act, participates in another's act or omits to perform an act he is legally required to do
22 that causes the alleged deprivation).
23       It must contain a caption including the name of the court and the names of all parties.
24 Fed. R. Civ. P. 10(a).
25       Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ.
26 P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences,

the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  Unrelated claims against different defendants must be pursued in multiple lawsuits.  "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks.  Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).  A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of these instructions.

Plaintiff must sign the complaint.  Fed. R. Civ. P. 11(a).  By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

////

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims against defendants Fok and Jimenez.

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff must pay the statutory filing fee of $350 for this action. All payments shall be collected and paid in accordance with the notice to the Solano County Sheriff filed concurrently herewith.

3. Plaintiff's claims against the Fairfield Police Department and Officer, CAJ #1302 are dismissed with leave to amend. Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obligated to amend his complaint.

4. The allegations in the pleading are sufficient at least to state cognizable claims against defendants Fok and Jimenez. *See* 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the complaint filed November 17, 2009, two USM-285 forms and instructions for service of process on defendants Fok and Jimenez. Within 30 days of service of this order, plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and three copies of the November 17, 2009 complaint. The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendants Fok and Jimenez will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure. In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims

1  against the Fairfield Police Department and Officer, CAJ #1302 without prejudice.

2      5.  Failure to comply with this order will result in a recommendation that this action be

3  dismissed.

4  Dated: April 22, 2010.

                        EDMUND F. BRENNAN
                        UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEROY WALLACE, III,

      Plaintiff,                    No. CIV S-09-3204 FCD EFB P

    vs.

FAIRFIELD POLICE DEPARTMENT;
OFFICER, CAJ #1302; DETECTIVE FOK;
OFFICER JIMENEZ,

      Defendants.                NOTICE OF SUBMISSION OF DOCUMENTS

_____/

      In accordance with the court's order filed _____, plaintiff hereby elects to:

      (1) _____ consent to the dismissal of defendants Fairfield Police Department and Officer, CAJ #1302 without prejudice, and submits the following documents:

           __1__     completed summons form

           __2__     completed forms USM-285

           __3__     copies of the Complaint

**OR**

      (2) _____ delay serving any defendant and files an amended complaint in an attempt to state cognizable claims against Fairfield Police Department and Officer, CAJ #1302.

Dated:

                                                                    _____
                                                                       Plaintiff